IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FREDRICK LAMONT GUINYARD, §
    Petitioner, §
 §    3:16-CV-2065-G
v. §    3:03-CR-0293-G
 §
UNITED STATES OF AMERICA, §
    Respondent. §

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

I.

Petitioner filed this petition to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. Petitioner pled guilty to conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). On September 15, 2004, the district court imposed a 262-month sentence on the drug conviction and a 60-month sentence on the § 924(c) conviction. On September 29, 2005, the Fifth Circuit Court of Appeals affirmed. *United States v. Guinyard*, No. 04-11133, 2005 WL 2404790 (5th Cir. 2005).

On June 17, 2016, Petitioner filed the instant § 2255 petition. He argues:

1.       His sentence is unlawful under *Johnson v. United States*, 135 S. Ct. 2551, 2557

(2015), which invalidated the residual clause of the Armed Career Criminal Act ("ACCA");

2. He is actually innocent of committing a crime of violence;

3. He was improperly induced to plead guilty; and

4. He received ineffective assistance of counsel.

On August 19, 2017, the government filed its response. On September 7, 2017, Petitioner filed a reply. The Court finds the petition should be dismissed as barred by the statute of limitations.

II.

**1. Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA"). The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). Here, the Fifth Circuit affirmed his conviction on September 29, 2005. His conviction became final 90 days later on December 28, 2005. *See* Sup. Ct. R. 13. He then had one year, or until December 28, 2006, to file his § 2255 petition. He did not file his petition until June 17, 2016. His petition is therefore untimely under § 2255(f)(1).

Petitioner claims his petition is timely under § 2255(f)(3) based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court considered the residual clause of the Armed Career Criminal Act, (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), which defines "violent felony" to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." (*Id.*) The Court found the residual clause to be unconstitutionally vague.

Although Petitioner was not sentenced under the ACCA, he argues that the career offender enhancement under USSG § 4B1.2(a)(2) contains the same language as the ACCA's residual clause, and therefore his enhanced sentence under § 4B1.2(a)(2) is unconstitutional.[1] Under the Supreme Court's recent decision in *Beckles v. United States*, ___ U.S. ___, 137 S.Ct. 886, 892 (2017), Petitioner's claims are without merit. *Beckles* held that the sentencing guidelines are not subject to a challenge for vagueness. The Court stated:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range

---

[1]Section 4B1.2(a) defines a "crime of violence" as any crime punishable by imprisonment for a term exceeding one year that (1) has as an element the use, attempted use, or threatened use of physical force against another, or (2) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.* The italicized clause is what is referred to as the "residual clause."

> of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Id*. The *Johnson* decision therefore does not extend Petitioner's limitations period.

**2. Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has not alleged he was prevented in some extraordinary way from asserting his rights. He has also failed to show rare and exceptional circumstances justifying equitable tolling.

**3. Actual Innocence**

Petitioner argues he should be excused from the limitations period because he is actually innocent. The Supreme Court has held that "actual innocence, if proved, serves as a gateway

through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. Petitioner has failed to meet this high standard. He has failed to submit any new evidence to support his claims. Petitioner's actual innocence claim is insufficient to excuse him from the statute of limitations.

III.

For the foregoing reasons, the Court recommends that the motion to vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255 be dismissed as barred by the one-year statute of limitations.

Signed this 7th day of November, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).